## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| MARLON L. HECTOR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. CUSTOMS AND BORDER PROTECTION )<br>AGENCY, VANESSA JACKSON, )<br>in her individual capacity and as an agent of the )<br>U.S. CUSTOMS AND BORDER PROTECTION )<br>AGENCY, and )<br>VIRGIN ISLANDS POLICE DEPARTMENT, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 2022-0047 |

**Attorneys:**

**Ronald E. Russell, Esq.**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Aysha Gregory, Esq.**
St. Thomas, U.S.V.I.
    *For Defendant U.S. Customs and Border Protection Agency*

**Martial A. Webster, Sr. Esq.**
St. Croix, U.S.V.I.
    *For Defendant Vanessa Jackson*

## MEMORANDUM OPINION

**Lewis, Senior District Judge**

    THIS MATTER comes before the Court on the "Motion to Dismiss" filed by Defendant U.S. Customs and Border Protection Agency ("CBP"). (Dkt. No. 18). Plaintiff Marlon L. Hector ("Plaintiff") filed an Opposition (Dkt. Nos. 25, 26, 26-1), and CBP filed a Reply (Dkt. No. 27). For the reasons that follow, the Court will grant CBP's Motion to Dismiss for lack of subject matter jurisdiction and dismiss the claims against CBP with prejudice. The Court will also dismiss with

prejudice the claims against Defendant Vanessa Jackson ("Jackson") in her official capacity as an agent of CBP. With no remaining federal claims, the Court will decline to exercise supplemental jurisdiction over the local claims and will deny as moot the other pending motions in this matter.[1]

## I. BACKGROUND

On May 10, 2022, Plaintiff submitted an administrative claim to CBP under the Federal Torts Claims Act ("FTCA") by filing a Standard Form 95, "Claim for Damage, Injury, or Death," seeking $10,000,000 in damages. (Dkt. No. 19-1). Thereafter, on June 22, 2022, CBP denied Plaintiff's claim as untimely. (Dkt. No. 19-2).[2]

On September 19, 2022, Plaintiff filed a Complaint in this Court against Defendants CBP, Jackson in her individual capacity and as an agent of CBP, and the Virgin Islands Police Department ("VIPD"). (Dkt. No. 1). In the Complaint, Plaintiff alleges that, on or about June 23, 2017, he was in an intimate relationship with Jackson, and he was babysitting Jackson's children at her home at the Good Hope Town Houses on St. Croix. *Id.* at ¶¶ 4-5. Plaintiff further alleges that he became engaged in a heated argument with Jackson, and while attempting to leave, Jackson blocked him from doing so. *Id.* at ¶¶ 6-8. Plaintiff asserts that after he squeezed passed Jackson and while walking down the stairs, Jackson said, "No other woman will have you," and then fired her CBP-issued gun at him. *Id.* at ¶¶ 10-11. Plaintiff alleges that, following the shooting, he received medical care for his injuries and was eventually airlifted to the mainland on June 24, 2017

---

[1] The other pending Motions are Defendant Vanessa Jackson's "Motion to Dismiss" (Dkt. No. 21); Plaintiff's "Motion for Oral Argument on the Magistrate Order Staying Discovery" (Dkt. No. 55); Plaintiff's Motion to Lift Stay (Dkt. No. 60); Plaintiff's "Request for Hearing on Objection to Magistrate's Order Staying Discovery" (Dkt. No. 61); Plaintiff's "Motion for Hearing on Objection to Magistrate's Order Staying Discovery" (Dkt. No. 62); and Plaintiff's "Supplement to Motion to Lift Stay" (Dkt. No. 63).

[2] In its Motion to Dismiss, CBP states that it re-sent the denial letter to Plaintiff on July 9, 2022, after Plaintiff informed CBP that his address had changed. (Dkt. No. 19 at 3).

where he spent 15 days in intensive care and more than six months in rehabilitation. *Id.* at ¶¶ 18-20. Plaintiff further states that he has "deteriorating mental and physical conditions;" presently remains under medical care and continues to be on serious medication; and is "partially paralyzed from the waist down and is losing control of his arms and legs." *Id.* at ¶¶ 21-24.

The Complaint contains three causes of action. Count I alleges battery against Jackson. *Id.* at ¶¶ 25-28. Count II alleges negligent hiring and retention against CBP. *Id.* at ¶¶ 29-34. Count III alleges negligent infliction of emotional distress.[3] *Id.* at ¶¶ 35-38. Plaintiff seeks compensatory and punitive damages in the amount of $10,000,000. (Dkt. Nos. 1 at 5; 19-1 at 2).

On February 27, 2023, CBP filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Dkt. No. 18). CBP argues that Counts II and III—negligent hiring and retention and negligent infliction of emotional distress, respectively—should be dismissed against CBP because Plaintiff failed to timely file an administrative claim pursuant to the FTCA and does not allege that he complied with the procedural requirements. (Dkt. No. 19 at 6). CBP further argues that because Plaintiff failed to include any facts with respect to his exhaustion of administrative remedies, on this basis alone, his claims should be dismissed for lack of jurisdiction. Finally, CBP argues that the matter should be dismissed against CBP because Jackson was not acting within the scope of her employment at the time of the shooting incident. *Id.* at 8.

In his Opposition, Plaintiff argues that the statute of limitations provided by the FTCA is subject to equitable tolling due to Plaintiff's medical condition. (Dkt. No. 25). Plaintiff claims that

---

[3] In Count III, Plaintiff states that "Defendants subjected Plaintiff Hector to intentional and negligent infliction of emotional distress." (Dkt. No. 1 at ¶ 36). Plaintiff then alleges actions by CBP and Jackson only. It is unclear whether Plaintiff also intends to assert this claim against the other Defendant, VIPD.

he suffers from chronic pain, which he asserts causes other underlying medical conditions. *Id.* at 2. As support, Plaintiff submitted a letter from his treating physician, Dr. Kester Nedd, who states that Plaintiff suffers from "several conditions" as a result of the injuries sustained from the June 23, 2017 incident. (Dkt. Nos. 26, 26-1). Plaintiff maintains that his condition "constitutes extraordinary circumstances which prevented [him] from asserting his rights within the limitation period." (Dkt. No. 25 at 3).

In its Reply, CBP maintains that the Court lacks subject matter jurisdiction because Plaintiff's claims are time-barred and Jackson acted outside the scope of her employment. (Dkt. No. 27). CBP also argues that the statute of limitations cannot be equitably tolled based on Plaintiff's alleged medical conditions, and even if the limitations period could be tolled, Plaintiff has not demonstrated reasonable diligence in pursuing his claims. *Id.* at 4.

## II.     APPLICABLE LEGAL PRINCIPLES

It is axiomatic that federal courts are courts of limited jurisdiction, and that subject matter jurisdiction must exist in each case. *See Redhead Mgmt., Inc. v. U.S. Virgin Islands*, Civil No. 2010-0055, 2011 WL 1506040, at *1 (D.V.I. Mar. 31, 2011) (citing *Carlsberg Resources Corp. v. Cambria Sav. and Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir.1977) ("Federal courts are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction. When the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits.").

An attack under Rule 12(b)(1) to a court's subject matter jurisdiction can be either a facial or factual attack. *G. W. v. Ringwood Bd. of Educ.*, 28 F.4th 465, 468 (3d Cir. 2022) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016)). A facial attack—as it is denominated—

challenges the sufficiency of the jurisdictional allegations in the complaint on their face. *Davis v. Dawgs of St. John, Inc.*, No. 3:20-CV-0112, 2022 WL 17735829, at *3 (D.V.I. Dec. 16, 2022) (citing *Petruska v. Gannon University*, 462 F.3d 294, 302, n.3 (3d Cir. 2006)). A facial attack requires that a court "only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *D'Antonio v. Borough of Allendale*, No. 22-1329, 2022 WL 10965674, at *2 (3d Cir. Oct. 19, 2022) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)).

In contrast, a factual attack "challenges the existence of facts sufficient to confer subject matter jurisdiction." *Thomas v. Roberson*, Civil No. 2008-075, 2013 WL 2402946, 2013 U.S. Dist. LEXIS 77483 (D.V.I. June 3, 2013) (citing *Carpet Grp. Int'l.v. Oriental Rug Imps. Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000)). When considering a factual challenge, "the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case, and no presumptive truthfulness attaches to the plaintiff's allegations." *Helton v. United States*, No. 22-1815, 2022 WL 17496016, at *1 (3d Cir. Dec. 8, 2022) (citing *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016)); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). To proceed with a factual challenge, a defendant must file an answer or "otherwise present[] competing facts." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014); *see also Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines, Inc.*, 673 F.2d 700, 711 (3d Cir. 1982) ("[Defendant's] motion was supported by a sworn statement of facts. It therefore must be construed as a factual, rather than a facial attack[.]"). A Rule 12(b)(1) motion based upon a factual challenge enables consideration of evidence extrinsic to the pleadings, such as depositions and affidavits. *Gould Electronics Inc*, 220 F.3d at 176 (citing *Gotha v. United States*, 115 F.3d 176, 178–79 (3d Cir. 1997)). Regardless of the type of challenge—facial or factual—the plaintiff bears the "burden

5

of proving that the court has subject matter jurisdiction." *Cottrell v. Heritages Dairy Stores, Inc.*, 2010 WL 3908567, at *2 (D.N.J. Sept. 30, 2010) (citing *Mortensen*, 549 F.2d at 891).

Because CBP challenges Plaintiff's exhaustion of administrative remedies by submitting documents outside the pleadings—the Standard Form 95 and the denial letter sent to Plaintiff by CBP—the Court finds that CBP brings a factual challenge under Rule 12(b)(1). *See, e.g.*, *Kev & Cooper Ltd. Liab. Co. v. Gladwell Educ. LLC,* Civil Action No. 22-2029, 2023 WL 2238549, at *2 (D.N.J. Feb. 27, 2023) ("Defendant's Motion to Dismiss is a factual challenge to this Court's subject matter jurisdiction because Defendant relies on documents extrinsic to the Complaint to challenge Plaintiff's ownership of copyright in the work.").

### III.    DISCUSSION

#### A.    Pleading Defects

As a preliminary matter, the Court finds that Plaintiff has not named a proper party defendant in this case. It is well-established that the United States is the only proper defendant in an action brought under the FTCA. *See Priovolos v. F.B.I.*, 632 F. App'x 58, 60 (3d Cir. 2015) (citing *CNA v. USA*, 535 F.3d at 132, 138 n. 2 (3d. Cir. 2008)). Therefore, Plaintiff's claims against the CBP and Jackson as an agent of the CBP, are improper and a basis upon which the Court lacks jurisdiction. *See Privolos*, 632 F. App'x at 60 (noting that the district court lacked jurisdiction over the suit because plaintiff named only the FBI and its employees in the lawsuit). However, the Court will not dismiss Plaintiff's claims on this procedural defect because such defect can simply be cured through Plaintiff's submission of an amended complaint. *Id.* (citing *Grayson v. Mayview*

*State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002)).[4] Accordingly, the Court will address the merits of CBP's Motion to Dismiss.

### B.     Exhaustion of Administrative Remedies

In its Motion to Dismiss, CBP argues that the Court lacks subject matter jurisdiction over Plaintiff's claims against it because Plaintiff failed to plead exhaustion of administrative remedies in his Complaint, and failed to exhaust his administrative remedies before bringing this FTCA action. (Dkt. No. 19 at 6). With regard to the latter argument, CBP asserts that Plaintiff failed to timely file his administrative claim within the two-year limitations period of the FTCA. (Dkt. No.19 at 7). As support, CBP attaches Plaintiff's Standard Form 95 showing that Plaintiff filed his administrative claim with the CBP on April 2, 2022. (Dkt. No. 19-1 at 8).

Section 2675(a) of Title 28, United States Code, provides in pertinent part:

> An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of the agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section ....

*See* 28 U.S.C. § 2675(a). Pursuant to Section 2401(b), an administrative claim must be submitted to the agency within two years of the time the claim accrues. *See* 28 U.S.C. § 2401(b) ("A tort

---

[4] Equally curable would be Plaintiff's failure to allege exhaustion of administrative remedies, which is also a basis for dismissal. *See Jones v. Evans*, No. 23-CV-5201, 2024 WL 3070188, at *6 (E.D. Pa. June 20, 2024) ("A plaintiff "must plead administrative exhaustion in an FTCA case."); *Biase v. Kaplan*, 852 F. Supp. 268, 283 (D.N.J. 1994) (citations omitted) ("A complaint's failure to allege exhaustion of administrative remedies [ ] requires dismissal of [a] complaint for lack of subject matter jurisdiction."); *see also Cosimano v. Valli*, No. CV 22-0039, 2023 WL 9318993, at *3 (C.D. Cal. Nov. 15, 2023) ("A plaintiff asserting an FTCA claim must affirmatively allege compliance with the administrative exhaustion requirement."). The ability to cure the defect is also readily apparent here where Plaintiff's Standard Form 95—through which Plaintiff purports to have exhausted his administrative remedies—is attached to CBP's Motion to Dismiss.

claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues . . ."). Further, the lawsuit must be brought within six months of the date of mailing of the federal agency's denial of the administrative claim. 28 U.S.C. § 2401(b); *Sconiers v. United States*, 896 F.3d 595, 598 (3d Cir. 2018) ("At issue in this case is whether the FTCA requires ... that a claimant file *both* a claim with the federal agency within two years of the tort and a suit within six months of the agency's denial . . . We . . . hold that both conditions must be satisfied in order for a plaintiff to properly bring a claim under the FTCA.") (emphasis in original); *Doe v. United States*, 842 F. App'x 719, 721 (3d Cir. 2021) (citing *Sconiers*, 896 F.3d at 598) ("Both conditions must be met for the FTCA action to be viable.").

The time at which a claim accrues within the meaning of the FTCA is a matter of federal law. *Santos ex rel. Beato v. United States*, 559 F.3d 189, 193 (3d Cir. 2009). A claim under the FTCA accrues when the claimant learns of the injury and its immediate cause. *Miller v. Phila. Geriatric Ctr.*, 463 F.3d 266, 271 (3d Cir. 2006) ("[A] tort claim [under the FTCA] accrues at the time of injury."); *Donegal Mut. Ins. Co. v. United States*, Civil Action No. 22-456, 2024 WL 1299661, at *3 (D. Del. Mar. 27, 2024) (citing *Zelzenik v. United States*, 770 F.2d 20, 23 (3d Cir. 1985)) ("For tort actions, the general rule is that the cause of action accrues at the time of the last event necessary to complete the tort. Usually, this is at the time the putative plaintiff is injured."). The limitations period is "not postponed until the injured party knows every fact necessary to bring his action." *Danysh v. Eli Lilly & Co.*, 461 F. App'x 75, 77 (3d Cir. 2012).

Here, the latest date that Plaintiff's claims could have accrued was on June 23, 2017—the date that Jackson allegedly fired her CBP-issued gun at Plaintiff. (Dkt. No. 1 at 2). This is the date of the alleged incident and the date he alleges he was injured. Therefore, Plaintiff had two years

8

from that date—up to and including June 23, 2019—within which to present his administrative claim to the CBP. However, Plaintiff filed his administrative claim on May 22, 2022, almost three years beyond the allotted time period.[5] Because Plaintiff failed to file his administrative claim within two years of the incident in accordance with the statutory requirements of the FTCA, Plaintiff's claim is untimely.

### C. Equitable Tolling

Plaintiff's attempt to save his claim through equitable tolling is unavailing. A plaintiff can receive the benefit of equitable tolling by demonstrating that (1) the defendant has actively misled him regarding his cause of action; (2) he, in some extraordinary way, has been prevented from asserting his rights; or (3) he has timely asserted his rights mistakenly in the wrong forum. *Stroman v. United States*, No. 22-2241, 2023 WL 6172885, at *2 (3d Cir. Sept. 22, 2023) (citing *D.J.S.-W. ex rel. Stewart v. United States*, 962 F.3d 745, 750 (3d Cir. 2020). In addition, "the claimant must show that he exercised due diligence in preserving his claim." *Stroman*, 2023 WL 6172885, at *2 (citing *D.J.S.-W. ex rel. Stewart*, 962 F.3d at 750). Equitable tolling is an "extreme remedy" that is "extend[ed] only sparingly." *Id.* at 752 (citation and quotation marks omitted). "'It is especially appropriate to be restrictive' in extending this remedy 'in cases involving the waiver of the sovereign immunity of the United States,' such as those arising under the FTCA." *Id.* at 750 (quoting *Santos*, 559 F.3d at 197-98).

Plaintiff relies on the second prong in arguing that his medical condition constitutes extraordinary circumstances which prevented him from asserting his rights. In his Opposition, Plaintiff asserts that his treating physician—via a letter—has stated that Plaintiff suffers from

---

[5] Even if the Court were to allow for an additional 8-10 months—until April 23, 2018— to cover Plaintiff's six-month period of rehabilitation, his administrative claim would still have been filed more than two years late.

9

chronic pain, which can lead to underlying conditions "including nerve damage, arthritis, fibromyalgia, significant emotional distress, including depression and anxiety." (Dkt. No. 25 at 3). Plaintiff also maintains that chronic pain can impact cognitive ability which can cause "difficulty in understanding complex legal concepts and their legal rights, leading to potential legal issues." *Id.*

Notwithstanding Plaintiff's representation in his Opposition, Plaintiff's physician does *not* state that Plaintiff has suffered or is currently suffering from chronic pain. Plaintiff's physician states only that Plaintiff "suffers from several conditions as a result of the gunshot injury sustained by him on June 23, 2017"—without specifying any particular condition with which Plaintiff is suffering. (Dkt. No. 26 at 3). The physician further states that "one medical condition that *can* impair cognitive ability and cause constant pain and suffering is chronic pain syndrome"—again without attributing this particular condition, or any other, to Plaintiff. *Id.* (emphasis added). Nor does Plaintiff—via his physician's letter or in his Opposition to the Motion to Dismiss—claim with any specificity that he is, in fact, suffering from any of the underlying conditions that can allegedly result from chronic pain syndrome. Plaintiff's conclusory statement that, "[s]ince rehabilitation he has had deteriorating mental and physical conditions," in his Standard Form 95 (Dkt. No. 19-1) fares no better, and other non-specific assertions regarding his medical condition do not warrant equitable tolling in this case. *See Boos v. Runyon,* 201 F. 3d 178, 195 (2d Cir. 2000) (rejecting equitable tolling where the plaintiff offered a conclusory, vague statement that she suffered from paranoia, panic attacks, and depression); *Limpin v. United States*, No. 06CV2581, 2007 WL 9759352, at *4 (S.D. Cal. Aug. 15, 2007), *aff'd sub nom. Limpin v. Sec'y of Navy*, 286 F. App'x 429 (9th Cir. 2008) (finding that equitable tolling was unwarranted where plaintiff offered

a conclusory allegation that his depression prevented him from pursuing his claim during the limitations period).

Even if the Court were to assume that Plaintiff was in fact suffering from chronic pain syndrome or from underlying conditions such as cognitive deficits, emotional distress, depression and anxiety, this would not aid his cause. The Third Circuit has held that "mental incompetence, even rising to the level of insanity, does not toll a federal statute of limitations for claims against the Government." *Hedges v. United States*, 404 F.3d 744, 753 (3d Cir. 2005) (citing *Baren by Barren v. United States,* 839 F.2d 987 (3d Cir. 1988) and *Accardi v. United States*, 435 F.2d 1239, 1241 n. 2 (3d Cir.1970)) (finding that plaintiff's depression did not warrant tolling); *Velasco v. United States*, 585 F. Supp. 2d 1, 5 (D.D.C. 2008) (finding that plaintiff's FTCA claim was not subject to equitable tolling despite his ongoing post-traumatic stress disorder). Moreover, Plaintiff's arguments are completely devoid of any explanation as to how his medical condition adversely affected his ability to comply with the statutory deadline—let alone for a period of almost three years. *See, e.g.*, *Griffin v. Doe,* 71 F. Supp. 3d 306, 312 (N.D.N.Y. 2014) ("Here, Plaintiff has offered no evidence of her claimed mental anguish or how it affected her ability to file her claims within the statutory deadlines, which passed at least five to six years prior to her commencement of this action."); *Vargas v. United States Postal Serv.*, No. 05 CIV 4447, 2007 WL 9817927, at *4 (S.D.N.Y. Jan. 29, 2007) (finding plaintiff's allegations of "physical and emotional injuries [including] hypertension, chest pains, seizures [and] severe stress disorder" did not justify equitable tolling where plaintiff did not include an explanation of how such conditions affected her ability to comply with the filing deadlines).

For all the foregoing reasons, the Court concludes that equitable tolling is not available to Plaintiff under the circumstances here.

**D.     Scope of Employment**

In addition to being sued in her individual capacity, Jackson is also sued in her capacity *as an agent of CBP*. (Dkt. No. 1). A threshold requirement of the FTCA—necessary to hold the Government responsible for the acts of its agents—is that the Federal employee must have been acting within the scope of employment when the alleged tort occurred. *See Guitierrez de Martinez v. Lamagno*, 515 U.S. 417, 423 (1995). The United States is liable for injury to the same extent that a private employer would be liable. *See McSwain v. United States*, 422 F.2d 1086, 1088 (3d Cir. 1970). That is, the United States' liability is determined by the law of *respondeat superior*. *See id*. Scope of employment and *respondeat superior* questions are governed by the law of the state where the alleged tort occurred. *Id*.

In determining scope of employment, the Supreme Court of the Virgin Islands has cited to the Restatement of Agency Section 7.07, noting that "[a]n employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer." *Brunn v. Dowdye*, 59 V.I. 899, 907 (2013). "To determine whether an employee acted in the course and scope of his employment, courts determine whether . . . the employee's tort encompasses the type of action the employee was hired to perform . . . and whether the act occurs substantially within the authorized time and space limits." *Grant v. APTIM Env't & Infrastructure, Inc.*, Civil Action No. 2019-0025, 2021 WL 2188570, at *10 (D.V.I. May 28, 2021) (citing *Nicholas v. Damian-Rojas*, 62 V.I. 123, 130-31 (V.I. 2013) (internal citations omitted)).

In addition, in addressing the scope of employment, the Superior Court of the Virgin Islands has considered the comments to Restatement of Agency Section 7.07 which provides:

12

> If an employee's tortious conduct is unrelated either to work assigned by the employer or to a course of conduct that is subject to the employer's control, the conduct is outside the scope of employment.
>
> . . .
>
> An independent course of conduct represents a departure from, not an escalation of, conduct involved in performing assigned work or other conduct that an employer permits or controls. When an employee commits a tort with the sole intention of furthering the employee's own purposes, and not any purpose of the employer, it is neither fair nor true-to-life to characterize the employee's action as that of a representative of the employer. The employee's intention severs the basis for treating the employee's act as that of the employer in the employee's interaction with the third party.

*Schrader-Cooke v. Moorhead*, 2024 WL 2814639, at *5 (V.I. Super. Ct. May 30, 2024) (quoting Restatement of Agency Section 7.07).

Here, the Court finds that Jackson acted outside the scope of her employment as a CBP agent during the June 23, 2017 incident. In reviewing the allegations of the Complaint, Plaintiff has not alleged any facts to suggest that Jackson was serving an interest of her employer when she allegedly shot Plaintiff at her home during a dispute. To the contrary, the Complaint paints a picture of a personal, domestic dispute between Jackson and her significant other. In fact, the alleged intentional act—as described in the Complaint—appears akin to the line of cases in which Virgin Islands courts have concluded that intentional acts committed by employees are outside the scope of employment. *See, e.g.*, *Warner v. Kmart Corp.*, 2009 WL 1476476, *5-6 (D.V.I. May 27, 2009) (finding that a supervisor's alleged conduct in throwing keys at plaintiff and pushing her "was outside the scope of employment because the conduct was for personal motives"); *Chase v. Virgin Islands Port Authority*, 3 F.Supp.2d 641, 642–43 (D.V.I. 1998) (concluding that a Virgin Islands Port Authority employee who assaulted plaintiff while working at the airport was not acting in the scope of his employment); *Bowen v. Zacko*, 50 V.I. 22, 28–32 (V.I. Super. Ct. 2008) (holding that a bar manager who assaulted a customer following an offensive personal remark regarding the

13

infidelity of the manager's wife was not acting in the scope of his employment even though the assault occurred at work and during business hours).

Because the Court finds that the alleged conduct by Jackson is not within the scope of her employment, the Court lacks subject matter jurisdiction over the claim against Jackson in her capacity as an agent of CBP. Thus, this *respondeat superior* claim against CBP must be dismissed with prejudice.

### E.    Subject Matter Jurisdiction Over Remaining Claims

With the dismissal of the claims against CBP, the Court turns to the question of whether it continues to have subject matter jurisdiction over the remaining claims. Because the Court now lacks federal question jurisdiction due to the dismissal of all claims against CBP, the Court must determine whether there is diversity jurisdiction.

For a court to have diversity jurisdiction, there must be complete diversity of citizenship between the parties. 28 U.S.C. § 1332 (a)(1). This means that "no plaintiff can be a citizen of the same state as any of the defendants." *See Walthour v. City of Philadelphia*, 852 F. App'x 637, 639 (3d Cir. 2021) (citing *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013)) (internal quotations omitted). Here, however, Plaintiff asserts that he is a citizen of the Virgin Islands and that "upon information and belief . . . Jackson was a resident of St. Croix[,] Virgin Islands." (Dkt. No. 1 at ¶ 2), Based on Plaintiff's allegations regarding his and Jackson's citizenship, there is a lack of diversity between the parties. Therefore, Plaintiff has not met his burden of establishing diversity jurisdiction.[6]

---

[6] As a government agency, VIPD cannot be considered a citizen for purposes of establishing diversity jurisdiction. *See W. Indian Co. Ltd. v. Yacht Haven USVI, LLC*, No. 20-CV-0011, 2022 WL 704029, at *2 (D.V.I. Mar. 9, 2022) (citing *Daley v. Dowdye*, 571 F. App'x 128, 129 (3d Cir. 2014)) ("A government entity, however, has no citizenship for the purpose of determining diversity jurisdiction."); *see also Agullard v. Principal Life Ins. Co.*, 685 F. Supp. 2d 947, 952 (D. Ariz.

In the absence of any basis for federal jurisdiction, the Court turns next to whether jurisdiction should be exercised over the remaining local claims of battery and negligent infliction of emotional distress. District courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, a district court "may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." *Id.* at § 1367(c)(3). "Considerations of judicial economy, convenience, and fairness to the parties [must] provide an affirmative justification" for exercising jurisdiction. *Simcic v. Pittsburgh Water & Sewer Auth.*, 605 F.App'x 88, 92 (3d Cir. 2015); *see also Figueroa*, 188 F.3d at 181) ("the [district] court acted well within its discretion in dismissing Figueroa's remaining territorial claims, as it had dismissed the Title VII claim that provided the court with its jurisdiction."). In this regard, the Third Circuit has held that supplemental jurisdiction "should be declined where the federal claims are no longer viable, absent 'extraordinary circumstances.'" *Shaffer v. Bd. Of Sch. Dirs. Of Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984) (quoting *Weaver v. Marine Bank*, 683 F.2d 744, 746 (3d Cir. 1982)).

Here, all of the federal claims have been dismissed. The Court is unaware of any affirmative justification for the exercise of supplemental jurisdiction over the local claims. Further, the Magistrate Judge stayed discovery in this matter pending resolution of the instant Motion to Dismiss (Dkt. No. 49) and the parties have not extensively litigated any issues before this Court. *See Brathwaite v. City of Long Branch*, No. 19-cv-18332, 2023 WL 3034098

---

2010) ("[S]tates and state agencies or instrumentalities have no state 'citizenship' for purposes of diversity jurisdiction.").

at *4 (D.N.J. Apr. 20, 2023) (declining to exercise supplemental jurisdiction in part where "no resources have been devoted by the Court in considering the merits of Plaintiff's state law claims (or any claims) as this is the first motion and ruling in this case. . . ."); *Guzzo v. Volt Mgmt. Corp.*, No. 19-CV-01360, 2022 U.S. Dist. LEXIS 5238, at *5 (M.D. Pa. Jan. 10, 2022) (declining to exercise supplemental jurisdiction over state claim because "the court has not expended judicial resources addressing the merits of the [state] claim."); *Lewis v. N.J. Dep't of Children & Fams., the Div. of Child Prot. & Permanency*, No. 21-cv-01671, 2022 WL 3593846 at *4,(D.N.J. Aug. 23, 2022) (declining to exercise supplemental jurisdiction over state claims in part because the court never reached the merits of the case and thus did not expend substantial judicial resources on the matter)). Thus, the Court will decline to exercise supplemental jurisdiction over the local claims, and they will be dismissed.

## IV. CONCLUSION

In view of the foregoing, the Court will grant Defendant U.S. Customs and Border Protection Agency's "Motion to Dismiss" (Dkt. No. 18) for lack of subject matter jurisdiction, and dismiss the claims against CBP with prejudice. The Court will also dismiss with prejudice the claims against Defendant Vanessa Jackson in her official capacity as an agent of CBP.

Further, the Court will decline to exercise supplemental jurisdiction over the local claims— in the absence of any federal claims—and they will be dismissed. The Court will also deny as moot Defendant Vanessa Jackson's "Motion to Dismiss" (Dkt. No. 21); Plaintiff's "Motion for Oral Argument on the Magistrate Order Staying Discovery" (Dkt. No. 55); Plaintiff's Motion to Lift Stay (Dkt. No. 60); Plaintiff's "Request for Hearing on Objection to Magistrate's Order Staying Discovery" (Dkt. No. 61); Plaintiff's "Motion for Hearing on Objection to Magistrate's Order

Staying Discovery" (Dkt. No. 62); and Plaintiff's "Supplement to Motion to Lift Stay" (Dkt. No. 63).

An appropriate Order accompanies this Memorandum Opinion.

Date: March 31, 2025

_____/s/_____
WILMA A. LEWIS
Senior District Judge